UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WESLEY K. ASHCRAFT,

                Petitioner,

-vs-                                                          Case No. 3:06-cv-806-J-33MCR

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## O R D E R

This case is on remand from the United States Court of Appeals for the Eleventh Circuit. (Doc. 30).

## BACKGROUND AND PROCEDURAL HISTORY

Pursuant to plea agreement, in the Circuit Court of Duval County Florida, Petitioner Ashcraft entered pleas of guilty to one count of robbery and one count of home invasion robbery, waiving the right to appeal any issue as to the judgement including the issue of guilt or innocence. (Doc. 15: Ex. A; B; C) ; §§ 812.13 (2) (c) ; 812.135, Fla.Stat. (2002); §§ 924.051(4); § 924.06(3), Fla.Stat. (2003). Ashcraft then petitioned the Florida First District Court of Appeal (DCA) for belated direct appeal pursuant to Florida Rule of Appellate Procedure 9.141(c) based on counsel's alleged failure to file a notice of appeal as requested. The petition was eventually dismissed due to Petitioner's failure to provide a sworn amended petition for belated appeal setting forth with specificity the dates and circumstances "whereby petitioner requested that trial counsel to [sic] file an appeal" (Doc. 15: Ex. F5; F6) (*See also* Doc. 15: Ex. Fl; F2; F3; F4).

Then, in Ground VI of his amended Rule 3.850 motion for postconviction relief filed

in the state circuit court, Ashcraft alleged that his trial counsel rendered ineffective assistance in failing to file a notice of direct appeal following entry of his judgments and sentences despite his timely request that counsel do so. (Doc. 15: Ex. I, p. 45-46). Summarily denying this claim on the merits without evidentiary hearing, the Florida circuit court stated:

> In ground six of the Defendant's Supplemental Motion, the Defendant claims that counsel rendered ineffective assistance in failing to file a direct appeal. The Defendant states that he asked counsel to file a direct appeal, that counsel agreed, but failed to do so. As the Defendant pled guilty and did not reserve any issues for appeal, the only issue he could have appealed was that his sentence was illegal. The Defendant does not claim that his sentence is illegal nor does this Court find it to be. Accordingly, even assuming counsel was ineffective for failing to file a direct appeal on behalf of the Defendant, the Defendant has failed to establish prejudice to his case. *Strickland,* 466 U.S. 668; *Hill,* 474 U.S. at 59.

(Doc. 15: Ex. K, p. 76; 0) (internal citations appear as in original). On appeal therefrom, the DCA per curiam affirmed without written opinion. (Doc. 15: Ex. 0); *Ashcraft v. State*, 936 So.2d 566 (Fla. 1st DCA 2006) (table).

Ashcraft then raised this same claim as Ground VI in his amended federal petition for writ of habeas corpus. (Doc. 12). In its response, the State "acknowledged" exhaustion of this specific claim and argued that the state post-conviction court correctly ruled that Ashcraft could not demonstrate prejudice under *Strickland* and also argued that because Ashcraft allowed his state petition for belated direct appeal to be dismissed for failing to comply with an order of the appellate court, he was barred from claiming that he was prejudiced by counsel's failure to file a notice of appeal. (Doc. 14, pp. 46-52). By order issued July 10, 2008, after quoting the above ruling of the state court, this Court noted that "the trial court identified the two-prong *Strickland* ineffectiveness test as the controlling law"

2

and stated:

> As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of the claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.
>
> After a complete review of the record, this Court finds this ineffectiveness claim to be without merit. Any claim that Petitioner wished to raise with respect to the alleged involuntary nature of the plea was properly raised in the Rule 3.850 motion, which Petitioner filed on his own. In Florida, a claim of an involuntary plea may be raised in a Rule 3.850 motion for post conviction relief. See Fla. R. Crim. P. 3.850(a)(5). Counsel cannot be faulted for failing to file a motion to withdraw a plea or an appeal where there is not a meritorious issue to raise on direct appeal. Further, Petitioner was not prejudiced when such a ground was not included on direct appeal since any omitted claim would not have had a reasonable probability of success before the appellate court. Petitioner challenged the alleged involuntary plea in his Rule 3.850 motion, and the appellate court per curiam affirmed the denial of the 3.850 motion. This ineffectiveness claim is without merit.

(Doc. 20, p.38-40).

Judgment was entered July 11, 2008. (Doc. 21). Ashcraft's request for certificate of appealability was denied. (Doc. 24; 25). On January 16, 2009, the United States Court of Appeals for the Eleventh Circuit issued a certificate of appealability with respect to Ground VI of Ashcraft's petition on the question of:

> whether, in light of *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005), the district court erred by finding that, because Ashcraft failed to establish prejudice, counsel was not ineffective for failing to file notice of appeal.

(Doc. 26).

3

In its answer brief in the Eleventh Circuit, the State acknowledged that the clearly established United States Supreme Court law relative to Ground VI of Ashcraft's state postconviction motion and his federal habeas petition provides that if the defendant affirmatively requests of counsel that he file a notice of appeal, counsel's failure to do so is *per se* ineffective. *See Roe v. Flores-Ortega*, 528 U.S. 470, 485, 120 S.Ct. 1029, 1039, 145 L.Ed.2d 985 (2000)(citing *Rodriquez v. United States,* 395 U.S. 327, 328, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)); *Gomez-Diaz, supra*. The State also acknowledged that presuming Ashcraft did timely request of counsel that he file a notice of direct appeal and counsel failed to honor that request, then notwithstanding the deference standard under 28 U.S.C. § 2254(d), "in light of *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005), the District Court erred by finding that, because Ashcraft failed to establish prejudice, counsel was not ineffective for failing to file notice of appeal." (Doc. 26); *Flores-Ortega; Rodriquez; Gomez-Diaz, supra*; 28 U.S.C. § 2254(d)(1).

Nevertheless, the State argued in the Eleventh Circuit that the federal District Court's denial of federal habeas relief should be affirmed on the alternative ground that Ashcraft failed to exhaust this claim of ineffective assistance of counsel in the State courts. The State argued in the alternative because, in preparing its answer brief, the State discovered that it erred substantially in its response to Ashcraft's claim, thereby leading the District Court to adopt the erroneous legal rationale that it did in denying habeas relief. (Doc. 14, p. 46-52). Specifically, the State belatedly recognized that under Florida law, the state circuit court did not have subject matter jurisdiction to consider Ashcraft's Rule 3.850 post-conviction claim that his trial counsel was allegedly ineffective for failing to file a notice of direct appeal, much less deny this claim "on the merits." (Doc. 15: Ex. I; K). The State

4

quoted *Bowers v. State,* 939 So.2d 337, 337-338 (Fla. 2d DCA 2006); *Barry v. State*, 920 So.2d 166 (Fla. 1st DCA 2006); *Lane v. State*, 819 So.2d 1011, 1012 (Fla. 1st DCA 2002); *McIntyre v. State*, 789 So.2d 478 (Fla. 4th DCA 2001); Fla.R.App.P. 9.141(c)(2). Hence, in erroneously conceding exhaustion in its response to Ashcraft's federal petition in the District Court, the State incorrectly considered the DCA's dismissal of Ashcraft's petition for belated direct appeal as relating to prejudice under *Strickland*, rather than exhaustion of state court remedies. (Doc. 14, p.46- 52; 20, p.38-40). However, the Eleventh Circuit declined to consider the State's alternative argument and reversed and remanded for further proceedings in this Court. The Eleventh Circuit instructed, in the remand order:

> Because it is outside the scope of the COA, we will not consider the government's argument, made for the first time on appeal, that Ashcraft's ineffective assistance of counsel claim is procedurally defaulted for failure to exhaust the claim on direct appeal. See 28 U.S.C. 2253(c)(3); *Murray v. U.S.,* 145 F.3d 1249, 1251 (11th Cir.1998). The government argues that, although Ashcraft did file a belated appeal under Fla.R.App.P. 9.141(c), the Florida circuit and appellate courts dismissed his appeal on state procedural grounds for failure to comply with various court orders. At the district court, however, the government conceded that Ashcraft had exhausted his state remedies. In its brief to this court, the government asserts that it made a "substantial error" in so conceding. On remand, the district court may consider the government's argument (and any response by Ashcraft) regarding exhaustion, including whether the government has waived the argument by its initial concession in the district court that Ashcraft had exhausted his state remedies. See 28 U.S.C. § 2254(b)(3); *Kelley v. Secretary, Dept. of Corrections,* 377 F.3d 1317, 1351 n .33 (11th Cir. 2004).

*Ashcraft v. Sec., Fla. Dep't of Corr.*, 340 Fed. Appx. 600, 601 n.1 (11th Cir. 2009).

After remand, on September 10, 2009, the State filed a motion to dispense with an evidentiary hearing on the *Gomez-Diaz* issue and to order submission of pleadings on the issue of exhaustion. (Doc. 31). The State revealed that Attorney Craig Martin represented to the State that he had no recollection of whether Ashcraft asked that he file a notice of

5

direct appeal, but that he (Martin) would not have raised the subject with Ashcraft on his own.[1] In light of Martin's representations, the State conceded that it could not, in good faith dispute Ashcraft's factual representations that he made a timely request that Martin initiate a direct appeal and that Martin failed to do so. Accordingly, the State could not dispute the factual questions on which the Eleventh Circuit remanded for evidentiary proceedings and asserted that in the interest of judicial economy, an evidentiary hearing was unnecessary.

In its September 10, 2009 motion, the State argued that the only potential matter of dispute before the District Court was whether the State was bound by its erroneous concession that Ashcraft exhausted Ground VI of his federal habeas petition by raising the claim in the State circuit court by Rule 3.850 post-conviction motion. The State conceded that if this Court found that it was bound by its erroneous concession, Ashcraft was entitled to an out-of-time direct appeal in the DCA.

The State argued that if it was not bound by its erroneous concession of exhaustion, then Ashcraft's claim of ineffective assistance of counsel was unexhausted and procedurally defaulted and that Ashcraft was not entitled to relief, unless he could show cause and prejudice or that failure to consider his claim on the merits would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971); 28 U.S.C. § 2254(b)(1)(A).

---

[1] *See Reed v. State*, 640 So.2d 1094, 1097 (Fla. 1994)("conversations between the defendant and his or her trial lawyer relevant to ineffective assistance of counsel are not protected by the attorney-client privilege"); § 90.502(4)(c), Fla.Stat. (2008).

Status Conference

On January 22, 2010, the Court granted Ashcraft's motion to appoint counsel (see Docs. 29, 33) and set a status conference for February 19, 2010. At the status conference, counsel agreed to submit briefs on whether the State had waived the exhaustion argument in its response to the amended petition for habeas corpus; whether the State could argue exhaustion of Ashcraft's belated appeal claim in this Court; and whether the claim was exhausted and/or procedurally defaulted. Counsel submitted the briefs (Docs. 40, 41). Ashcraft contends that "the State explicitly waived any exhaustion argument during the prior proceedings in this case," and that the claim was properly exhausted in state court (Doc. 41 at p. 6, ¶ 13). The remaining question, then, is whether the State explicitly waived exhaustion by failing to raise exhaustion in its initial response to the petition in the District Court.

**DISCUSSION**

The State Explicitly Waived Exhaustion

The Eleventh Circuit has recognized that state attorneys general can expressly waive procedural bar defenses in federal habeas proceedings. *See Hills v. Washington*, 441 F.3d 1374, 1376 (11th Cir. 2006); *Dorsey v. Chapman*, 262 F.3d 1181, 1187 (11th Cir. 2001). Section 2254(b)(3), likewise, provides for explicit waivers of the exhaustion requirement in habeas proceeding. *See* 28 U.S.C. § 2254.

In the instant case, the State's response to the amended petition outlined the procedural history of Ashcraft's case and then expressly stated that Ashcraft properly exhausted the instant issue. The State, consequently, explicitly waived any potential exhaustion defense. The Eleventh Circuit has addressed two factually similar habeas cases

7

in recent years and found that, in both cases, the state waived its exhaustion defense.

First, in *Dorsey v. Chapman,* the Eleventh Circuit addressed the denial of a habeas petition in which, as in the instant case, the state argued for the first time on appeal that the petitioner failed to exhaust various issues raised in the habeas petition. *Dorsey,* 262 F.3d at 1186-87. The Eleventh Circuit found that "the state expressly declined to raise this defense, in the apparent belief that [the petitioner's] constitutional claims were raised on direct appeal from his state conviction." *Id.* at 1187. As a result, while the Court found that the claims in question appeared to be unexhausted, it held that the state's actions constituted an explicit waiver of the exhaustion defense. *Id.* More recently, in *Hills v. Washington*, the Eleventh Circuit addressed a habeas proceeding in which the State made various statements in its District Court pleadings and in its early appellate briefs to indicate its belief that the petitioner had properly exhausted his habeas claims. *Hills*, 441 F.3d 1375-76. Initially, in its first brief in the Eleventh Circuit, the State expressly stated that it did not contest exhaustion in the District Court and, likewise, asked the Eleventh Circuit to give deference to the District Court's review of the habeas issues on their merits. *Id.* at 1376. Later in that same brief, the State asked the court to find that the petition claims "are not defaulted…" *Id.* When the Eleventh Circuit was later asked to find that the petitioner's claims were unexhausted, the Eleventh Circuit held that the State had waived its exhaustion defense through its prior concessions. *Id.* at 1376-77. While the Eleventh Circuit recognized that federal habeas law placed "some restrictions on a state's implicit waiver of a procedural bar," it reasoned that the State's waiver in that case was "anything but implicit." *Id.* at 1376.

As in *Hills* and *Dorsey*, the State explicitly waived any potential exhaustion

8

arguments in the instant case when it argued, during the pre-appeal habeas proceedings, that Ashcraft had properly exhausted the claim relating to his counsel's failure to file a notice of appeal. Moreover, consistent with *Hills* and *Dorsey*, the State's discussion of the exhaustion of this issue in the response to the amended habeas issue was clearly explicit.

The State, in fact, spent several pages discussing the state procedural posture of this case and then specifically addressed exhaustion as it related to each of the claims raised in the habeas petition and amended habeas petition. The State suggests, however, that the State's concession was made in "substantial error." The state trial and appellate courts addressed the failure to file a notice of appeal issue in Ashcraft's motion to vacate and his appeal therefrom. It is, therefore, certainly reasonable that the State believed that Ashcraft exhausted the failure to file a notice appeal issue.

Furthermore, in the State's response to Ashcraft's amended petition (Doc. 14), the State used the exhaustion issue and the procedural history of this case to its advantage in arguing that Ashcraft was not entitled to relief on various other claims that were raised in the amended petition for habeas corpus. First, as to instant issue, the State used its argument that Ashcraft exhausted the failure to file a notice of appeal claim to juxtapose its counter argument regarding Ashcraft's failure to exhaust the issue of his counsel's failure to file a motion to withdraw his plea. (See Doc. 14 at 47- 49). The State claimed that, while Ashcraft had asserted, throughout his state court filings, that his attorney had not filed the notice of appeal as requested, Ashcraft, conversely, did not raise the issue of failure to file a motion to withdraw plea until he filed the petition for habeas corpus. As a result, the State used the exhaustion argument to its advantage.

Furthermore, in the response, the State used the state courts' procedural treatment

of the case to support its untimeliness argument concerning the four new claims that Ashcraft raised in his amended petition. The State argued, at that time, that the appellate court's dismissal of the petition for belated appeal on procedural grounds was an unauthorized filing. As a result, the State further argued that the petition did not toll the time for filing Ashcraft's habeas petition. The State asserted that argument in order to show that the four new claims Ashcraft added in his amended petition were untimely because, assuming the petition for belated appeal was never filed, the one-year habeas time limit would have run by the time Ashcraft filed the amended petition. Clearly, therefore, the State was aware of the procedural history of this case. The State explicitly waived any potential exhaustion defense and is now bound by that waiver.

Accordingly, the Court orders:

1. Ashcraft's petition is granted to the extent that he is entitled to file a belated appeal. Ashcraft shall file the belated appeal in the First District Court of Appeal within 30 days of the date of this Order. The First District Court of Appeal is directed to grant Ashcraft's petition for a belated appeal so that he may directly appeal from his criminal conviction.

2. The Clerk is directed to enter judgment for Ashcraft and to close this case.

ORDERED at Tampa, Florida, on March 8, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record